### RIO TINTO COPPER MIN. CO. v. BLACK.

(Supreme Court, Appellate Term. January 7, 1904.)

**1. PLEADINGS—SUPPLEMENTAL ANSWER—LEAVE TO FILE—DETERMINATION.**

Unless it clearly appears that a judgment sought to be pleaded in a supplemental answer would not constitute a defense, the court at Special Term should not refuse leave to serve such answer, but should remit to the trial court the questions involved in determining the effect of the plea.

**2. SAME—LACHES.**

Where it appeared that a suit in South Dakota was brought before the action at bar, showing apparent good faith on defendant's part, that no injustice would be suffered by plaintiff in permitting service of a supplemental answer pleading the judgment in such suit, and that, if permission were denied, defendant would be unable to avail himself of such judgment as a plea in bar—the delay of a few months on the part of defendant in making the motion for leave to serve such answer, in view of the distance of the South Dakota court, and the other circumstances, was not such laches as to warrant the court in denying the motion.

Appeal from City Court of New York, Special Term.

Action by the Rio Tinto Copper Mining Company against William H. Black. From an order of the City Court at Special Term denying leave to file and serve a supplemental answer, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

William H. Black, in pro. per.

George B. Class, for respondent.

PER CURIAM. The judgment in the South Dakota court shows that the issues involved in this action were adjudicated in the foreign tribunal at a time subsequent to the serving of the answer herein. Unless it clearly appear that the judgment sought to be pleaded in bar would not constitute a defense, the court should not refuse leave to serve a supplemental answer setting up the new matter, but should remit to the trial court the consideration of the questions involved in determining the effect of the plea. As to the point urged by respondent that defendant was guilty of laches, it does not appear that the court below denied the motion on this ground. The facts as here presented would seem to indicate that the plaintiff succeeded in defeating defendant's motion upon the ground that the defense of res adjudicata could not be successfully interposed. The distance of this forum from the foreign court may to some extent explain the delay in making the motion.

As it appears that the South Dakota suit was brought before this action, showing apparent good faith on defendant's part; that no injustice would be suffered by plaintiff in permitting service of a supplemental answer; and that defendant would be remediless in availing himself of the advantage of the other judgment as a plea in bar if he be denied the right to interpose the supplemental answer—we do not think that the delay of a few months, under the circumstances disclosed, is such laches as to warrant the court in denying the motion.

The order must be reversed, with $10 costs and disbursements to appellant.